IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISAAC KELLEY,

        Plaintiff,                      No. CIV S-09-1679 LKK DAD P

    vs.

GRASS VALLEY POLICE DEPARTMENT, et al.,

        Defendants.             ORDER

/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**PLAINTIFF'S IN FORMA PAUPERIS APPLICATION**

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28

1

U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In his complaint, plaintiff has named the following four defendants: (1) the Grass Valley Police Department; (2) Officer Shoberg; (3) Officer Gamblegaurd; and (4) Officer Clinklebread.  Plaintiff alleges that on June 13, 2008, the defendant officers used their nightsticks

to beat plaintiff while he was handcuffed.  Plaintiff alleges that he suffers from liver damage and night terrors as a result of the incident.  In terms of relief, plaintiff seeks monetary damages.

## DISCUSSION

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which each defendant engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), plaintiff's complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, plaintiff must demonstrate how each named defendant was involved in the deprivation of plaintiff's rights.  Unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation, there can be no liability under 42 U.S.C. § 1983.  See Rizzo v. Goode, 423 U.S. 362 (1976); see also May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  For example, in his complaint plaintiff names the Grass Valley Police Department as a defendant.  While municipalities may be named as defendants in a civil rights action under 42 U.S.C. § 1983, a municipality is not liable unless it had a "deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation [plaintiff] suffered."  Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007) (quoting Monell v. Department of Social Services, 436 U.S. 658, 691 (1978)).  Therefore, if plaintiff wishes to pursue a claim against the Grass Valley Police Department in his amended complaint, he must allege specific facts demonstrating that his injuries occurred as a direct result of the police department's official policies, customs, or practices.

In an amended complaint, plaintiff should also clarify where the alleged events took place.  If the alleged use of excessive force occurred during the course of plaintiff's arrest, his claim arises under the Fourth Amendment and is analyzed under a "reasonableness" standard. Graham v. Connor, 490 U.S. 386, 394-95 (1995); Forrester v. City of San Diego, 25 F.3d 804, 806 (9th Cir. 1994).  However, if the alleged use of excessive force was used by prison officials to subdue plaintiff as a convicted prisoner, his claim would arise under the Eighth Amendment's prohibition of "cruel and unusual punishment."  Whitley v. Albers, 475 U.S. 312, 318 (1986); Jordan v. Garner, 986 F.2d 1521, 1524-25 (9th Cir. 1993).  In the latter case, the core question is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."  Whitley, 475 U.S. at 320.

Plaintiff is finally informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint plaintiff must sufficiently allege each claim and the involvement of each defendant.

## OTHER MATTERS

Also pending before the court is plaintiff's request for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

1 light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,
2 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances that
3 are common to most prisoners, such as lack of legal education and limited law library access, do
4 not establish exceptional circumstances that would warrant a request for voluntary assistance of
5 counsel.  In the present case, the court does not find the required exceptional circumstances for
6 appointment of counsel at this time.  Accordingly, the court will deny plaintiff's request.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 27, 2010 application to proceed in forma pauperis (Doc. No. 17) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint (Doc. No . 1) is dismissed;

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

5. Plaintiff's September 30, 2009 motion for appointment of counsel (Doc. No. 12) is denied.

DATED: April 29, 2010.

DAD:sj
kell1679.14a

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE