IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISAAC KELLEY,

       Plaintiff,                    No. CIV S-09-1679 LKK DAD P

     vs.

GRASS VALLEY POLICE DEPARTMENT, et al.,

                                     FINDINGS AND RECOMMENDATIONS

       Defendants.

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

       On June 17, 2011, defendants Gammelgard, Clinkinbeard, and Shoberg filed a motion for summary judgment, arguing that they are entitled to judgment in their favor as a matter of law on plaintiff's excessive use of force claims. Plaintiff failed to file a timely opposition to the motion. Accordingly, on July 26, 2011, the court issued an order to show cause. In that order, the court advised plaintiff that his failure to file a written opposition or file a statement of no opposition could be deemed a waiver of any opposition to the granting of defendants' motion. The court also reminded plaintiff that on August 26, 2010, the court instructed him on how to file an opposition to a motion for summary judgment. Plaintiff was granted twenty-one days to comply with the court's order and file an opposition to defendants'

1

motion. That period has now passed, and plaintiff still has not filed an opposition or otherwise responded to the court's order. Accordingly, for the reasons discussed herein, the court recommends that this action be dismissed for failure to prosecute.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). In Ferdik, the Ninth Circuit Court of Appeals held that the district court did not abuse its discretion when it dismissed a pro se litigant's civil rights action for failing to file an amended complaint. The court explained that, in deciding whether to dismiss a case due to a litigant's failure to comply with a court order, the district court must weigh five factors:

> "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."

Id. at 1260-61 (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.3d 829, 831 (9th Cir. 1986).

In this case, the first two factors as well as the fifth factor cited by the court in Ferdik strongly support dismissal. This case has been pending since May 21, 2009, and has reached the summary judgment stage. Plaintiff's failure to comply with court orders and the Local Rules strongly suggests that further time spent by the court on this case will consume scarce judicial resources in addressing litigation which plaintiff demonstrates little intention to diligently pursue. In addition, the court warned plaintiff in its order to show cause that failure to file an opposition to the pending motion would result in a recommendation that this action be dismissed. In this regard, there is no suitable less drastic alternative to dismissal of this action.

The third factor, the risk of prejudice to the defendants, also weighs in favor of dismissal. Plaintiff's failure to oppose defendants' motion for summary judgment prevents them from addressing plaintiff's claims on the merits and unnecessarily delays resolution of this action thereby forcing defendants to incur additional time and expense.

Finally, the fourth factor, public policy favoring disposition of cases on the merits, weighs against dismissal of this action. However, for the reasons set forth above, the first, second, third, and fifth factors support dismissal. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 12, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
kell1679.ftp